(79 Misc. Rep. 546.)

DUFF v. QUEENSBRO HEIGHTS LAND CORPORATION.

(Supreme Court, Special Term, Kings County. February 10, 1913.)

CANCELLATION OF INSTRUMENTS (§ 15*)—DEEDS—COVENANTS—RESCISSION.

Where a grantor of lots covenanted to lay cement sidewalks, water and gas mains, plant shade trees, and to macadamize the street, and did everything but macadamize the street, the grantee cannot maintain a suit to cancel the deed; his remedy being an action at law for damages.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 14, 21; Dec. Dig. § 15.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit by T. H. Walter Duff against the Queensbro Heights Land Corporation. Judgment for defendant.

Charles E. Francis, of New York City, for plaintiff.
Culver & Whittlesey, of New York City, for defendant.

BENEDICT, J. This is a motion made by plaintiff for judgment on the pleadings, viz., complaint and demurrer. The practice adopted by the plaintiff has the sanction of the Court of Appeals. See National Park Bank v. Billings, 203 N. Y. 556, 96 N. E. 1122, affirming 144 App. Div. 536, 129 N. Y. Supp. 846. The action is equitable in its nature; the relief prayed for being the cancellation of a deed made by defendant to plaintiff, or that a reconveyance be accepted by defendant, and that defendant repay to plaintiff the purchase money, with interest, and the taxes paid by him since the date of the deed, with interest.

The complaint alleges that on July 31, 1906, the plaintiff agreed, in writing, to purchase from the defendant a parcel of land at Flushing, Queens county, N. Y., consisting of three lots of land situated on the northeast corner of Hillcrest avenue and Douglas street, as shown on a map filed in the clerk's office of Queens county, subject to certain specified restrictions. The agreement provided that plaintiff should pay therefor $1,950 as follows: $668 in cash on signing the contract, and $35 a month until the entire balance should have been paid, with interest on the deferred payments and the taxes on the property. It will be seen, therefore, that the plaintiff making payment of these installments would not become entitled to a deed of the property until at least three years from the date of the agreement. The agreement also provided as follows:

"The company covenants to lay cement sidewalks, which sidewalks we guarantee for five years, water and gas mains, plant shade trees and to macadamize the street on which the within-mentioned lots front, without assessment by it to the purchaser. * * * Said improvements to be completed on or before October 1st, 1907."

On August 12, 1907, the plaintiff prepaid the balance of the purchase price then remaining due on the contract, and received a deed, which he subsequently recorded in the clerk's office. This deed contained a covenant by the defendant substantially as in the recited agreement, except that no time for performance was specified.

This action, which I understand from counsel to have been begun in December, 1912, more than five years after the time mentioned in the agreement for the completion of the specified improvements, is predicated upon an alleged default on the part of the defendant to "macadamize the street on which the within-mentioned lots front." No complaint is made that the defendant omitted to perform its agreement to (1) lay cement sidewalks, (2) lay water mains, (3) lay gas mains, and (4) plant shade trees; and it may therefore be assumed that these items of the covenant were done in accordance with its terms. The sole question arises upon the allegation of the complaint that the street was not macadamized, and upon that ground alone the

plaintiff seeks to rescind the contract, to have the deed to himself canceled, and to recover the consideration paid therefor.

The defendant has interposed a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The question is thus squarely presented: Does the failure of the vendor in the one respect mentioned entitle the vendee to rescind the contract and, upon restoring the land, recover from the vendor the purchase price, with interest, and the taxes which he has paid for six years while in possession of the property? His counsel strongly asserts that such is his right, and the defendant's counsel just as strongly urges that the case does not entitle him to the relief asked, but that, there having been a compliance of the covenant in all other respects, he should be relegated to his remedy at law for breach of this particular part of the covenant; the measure of his damage being the difference between the value of the property as it is and its value if this particular work had been done according to the contract. The issue thus presented is both interesting and important; but the labor of the court in the decision of the motion is materially lightened by the fact that both counsel rely principally, not only upon the same authority, but upon the same portion of the opinion; each claiming that his contention finds support in the same phrases, although each reaches, by their aid, an opposite result. This controlling authority is Callanan v. K., A. C. & L. C. R. R., 199 N. Y. 268, 92 N. E. 747, and the quotation from Judge Vann's opinion is found at page 284 of 199 N. Y., at page 752 of 92 N. E.:

"There is no hard and fast rule on the subject of rescission; for the right usually depends on the circumstances of the particular case. It is permitted for failure of consideration, fraud in making the contract, for inability to perform it after it is made, for repudiation of the contract, or an essential part thereof, and for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but, as a general rule, only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract. Failure to perform in every respect is not essential; but a failure which leaves the subject of the contract substantially different from what was contracted for is sufficient. If the party who seeks rescission has an adequate remedy at law, ordinarily he is not entitled to rescind; but in case of repudiation, or of a breach going to the root of the contract, unless the damages can be ascertained with reasonable certainty, rescission is a matter of right, with restitution instead of compensation. In this case the failure to perform was of a most substantial character, and pervaded almost the entire contract."

Applying these principles to the case at bar, they seem to me to support the defendant's theory, rather than that of the plaintiff. Here the plaintiff got the principal thing contracted for, namely, the title to the land itself; and he also received four out of five of the special items of improvements embraced in the vendor's collateral covenant and deed. He voluntarily paid the entire purchase price on August 12, 1907, although, had he chosen to do so, he might have delayed making payment for two years thereafter, during which period a default on the vendor's part to perform all parts of the collateral covenant would have been obvious. After five years' delay, he comes into a court of equity asking a rescission of the entire contract on account of the

partial breach of a collateral agreement, of which he must at all times after October 1, 1907, have been cognizant. The general rule governing such cases is that the purchaser waives his right to rescind by failure to exercise it promptly on discovery of the grounds upon which he bases his right. Even were the element of laches absent, it does not seem to me that the mere failure of the vendor to give a particular kind of treatment to the surface of the street would justify a cancellation of the entire transaction, where it appears that the street had cement sidewalks, water mains, gas mains, and shade trees, all of which, judged by the order of their statement in the covenant, were given precedence by the parties of the provision for macadamizing the street, and each of which, except, possibly, the shade trees, would appear to have been of nearly as great benefit to the plaintiff as the ` omitted item.

I think the plaintiff should be relegated to an action for damages arising out of the breach of the particular part of that covenant which the defendant failed to perform. The plaintiff having moved for judgment on the pleadings in his favor, the motion is denied, with $10 costs, and with leave to the plaintiff to amend his complaint within 20 days, on payment of costs.